FILED
FEB 1 8 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. **4:16CR0064 RWS/NCC** |
| YAMINI MAJEED, | ) | Counts I and II |
| TYJUAN BROWN, | ) | Count I |
| GARLAND RUSH-BEY, | ) | Count II |
| WILLIAM IRONS, | ) | Count II |
| WILLIE STEVENSON, and | ) | Count II |
| JAMES LABARON, | ) | Count II |
| Defendants. | ) | |

## INDICTMENT

### COUNT I

The Grand Jury further charges that:

Beginning around 2010 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere,

**YAMINI MAJEED,**
**and**
**TYJUAN BROWN**

the defendants herein, did knowingly and willfully conspire, combine, confederate and agree with each other and with GARLAND RUSH-BEY, WILLIE STEVENSON, and with other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

1

All in violation of Title 21, United States Code, Section 846; and

Quantity of Heroin Involved in the Conspiracy

1. With respect to **YAMINI MAJEED**, the amount of heroin involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

2. With respect to **TYJUAN BROWN**, the amount of heroin involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

## COUNT II

The Grand Jury further charges that:

Beginning around 2011 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere,

**YAMINI MAJEED,**
**GARLAND RUSH-BEY,**
**WILLIE STEVENSON,**
**WILLIAM IRONS, and**
**JAMES LABARON,**

the defendants herein, did knowingly and willfully conspire, combine, confederate and agree with persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

Quantity of Heroin Involved in the Conspiracy

1. With respect to **YAMINI MAJEED**, the amount of heroin involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

2. With respect to **GARLAND RUSH-BEY**, the amount of heroin involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 100 grams, punishable under Title 21, United States Code, Section 841(b)(1)(C).

3. With respect to **WILLIE STEVENSON**, the amount of heroin involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 100 grams, punishable under Title 21, United States Code, Section 841(b)(1)(C).

4. With respect to **WILLIAM IRONS**, the amount of heroin involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 100 grams, punishable under Title 21, United States Code, Section 841(b)(1)(C).

5. With respect to **JAMES LABARON**, the amount of heroin involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 100 grams, punishable under Title 21, United States Code, Section 841(b)(1)(C).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as set forth in Counts I and II, the defendants listed in each of Counts I and II shall forfeit to the United States of America any property, real and personal, constituting or derived from any proceeds obtained directly or indirectly as a result of said offenses, and any property used, or intended to be used, in any manner or part to commit or facilitate the commission of said offenses.

2. Subject to forfeiture is a sum of money equal the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offense charged in Count I.

3. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offense charged in Count II.

4. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
Stephen Casey #58879MO
Assistant United States Attorney

5